COPY

FILED

2013 APR 29 PM 12: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  Peter H. Klee, State Bar No. 111707
   Email: pklee@mckennalong.com
2  Theona Zhordania, State Bar No. 254428
   Email: tzhordania@mckennalong.com
3  MCKENNA LONG & ALDRIDGE LLP
   600 West Broadway, Suite 2600
4  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
5  Fax No.: 619.645.5389

6  Attorneys for Defendant, ALLSTATE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  WENDY MORRIS and RUSSELL A.        ED CV 13
    MORRIS, SR.,                        Case No. 0 0 7 7 8   JGB

12        Plaintiffs,                   The Hon. _____
                                        Dept. _____
13
    v.                                  **DEFENDANT ALLSTATE**
14                                      **INSURANCE COMPANY'S**
    ALLSTATE INSURANCE                  **NOTICE OF REMOVAL OF CIVIL**
15      and  DOES 1 - 50, Inclusive,    **ACTION UNDER 28 U.S.C.**
                                        **SECTION 1441 (DIVERSITY**
16        Defendants.                   **JURISDICTION)**

17                                      Complaint Filed:   July 16. 2012

18    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

19  **THE CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION,**

20  **PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

21        **PLEASE TAKE NOTICE THAT** defendant Allstate Insurance Company

22  ("Allstate") hereby removes the state court action described below from the Superior

23  Court of the State of California for the County of Riverside to the United States District

24  Court for the Central District of California – Western Division pursuant to 28 U.S.C.

25  §§ 1441(b) and 1446 and submits the following statement of facts, which entitles it to

26  removal:

27  / / /

28  / / /

                                1

## I. COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On or about July 16, 2012, plaintiffs Wendy Morris and Russell A. Morris, Sr. ("plaintiffs") filed a lawsuit in the Superior Court of the State of California for the County of Riverside entitled *Wendy Morris and Russell A. Morris, Sr. v. Allstate Insurance Company; DOES 1- 50, Inclusive*, Case No. RIC1210798. Attached hereto as **Exhibit A** is a true and correct copy of the complaint.

2. Allstate is informed and believes, and based thereon alleges, that it was served with a copy of the summons and complaint on or about July 31, 2012.

3. Plaintiffs allege to have suffered damages as a result of Allstate's handling of their insurance claim, however, the face of the Complaint was silent to the full amount in controversy (**Complaint ¶¶ 15, 18 and Prayer ¶¶ 1 and 2, Exhibit A**), and did not state a specific amount of damages. Therefore, the Complaint did not indicate that the amount in controversy exceeded $75,000.

4. Plaintiffs filed a first amended complaint on or about September 19, 2012. Attached hereto as **Exhibit B** is a true and correct copy of plaintiffs' First Amended Complaint ("FAC").

5. The face of the FAC was also silent as to the full amount of damages in controversy that plaintiffs allege to have suffered as a result of Allstate's handling of their insurance claim (**FAC ¶¶ 19, 22, and Prayer ¶¶ 1 and 2, Exhibit B**) and did not state a specific amount of damages in excess of $75,000. Therefore, the FAC did not indicate that the amount in controversy exceeded $75,000.

6. Allstate answered plaintiffs' FAC on October 30, 2012. Attached hereto as **Exhibit C** is a true and correct copy of Allstate's answer to plaintiffs' First Amended Complaint.

7. Because plaintiffs did not identify the amount in controversy in either their original Complaint, or FAC, Allstate served a request for statements of damages to plaintiffs on or about March 5, 2013. Attached hereto as **Exhibit D** is a true and correct copy of Allstate's Request for Statement of Damages.

8.     Plaintiffs served their separate Statements of Damages on Allstate on or about April 16, 2013, which establishes that the amount in controversy for each plaintiff exceeds $75,000. Attached hereto as **Exhibit E** is a true and correct copy of plaintiffs separate Statement of Damages.

9.     Pursuant to 28 U.S.C. § 1446(b)(3), a "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Allstate's notice of removal is timely because it received Plaintiffs' separate Statements of Damages, from which Allstate first ascertained that the case was removable, on April 16, 2013, as set forth in detail in paragraph 19 below.

10.     Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly provide written notice of removal of this action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Riverside – Central District.

11.     The United States District Court for the Central District of California – Western Division embraces the County of Riverside – Central District, the county and branch in which this lawsuit is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(c)(7) and 1441(a).

## II.     STATEMENT OF THE GROUNDS FOR REMOVAL

12.     Allstate removes this case pursuant to 28 U.S.C. § 1441. Removal is proper because, as alleged in more detail below:  (1) there is complete diversity between Allstate and plaintiffs; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     *There is Complete Diversity Between Allstate and Plaintiff.*

13.     Allstate is, and was at the commencement of the state court action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois. Allstate does not have substantial

predominance of its corporate activities in the State of California. Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Northbrook, Illinois. Thus, Allstate is, and was at the commencement of the state court action and at the time of removal, a resident and citizen of the State of Illinois, as well as the United States.

14. Plaintiffs are and were at the commencement of the state court action and at the time of removal, citizens of the State of California, as well as the United States. There is no indication that plaintiffs are or were citizens of Illinois, the only fact that would destroy diversity of citizenship in this case.

15. Plaintiffs' naming of 50 fictitious "Doe" defendants without identifying their citizenship has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441(a)).

16. Thus, complete diversity exists between Allstate and plaintiffs, meeting the diversity requirements of 29 U.S.C. § 1332(d).

### B. *The Amount-in-Controversy Requirement Is Met.*

17. The face of the Complaint was silent to the full amount in controversy (**Complaint ¶¶ 15, 18 and Prayer ¶¶ 1 and 2, Exhibit A**), and did not state a specific amount of damages. Therefore, the Complaint did not indicate that the amount in controversy exceeded $75,000.

18. The face of the FAC was also silent to the full amount in controversy (**FAC ¶¶ 19, 22, and Prayer ¶¶ 1 and 2, Exhibit B**) and did not state a specific amount of damages in excess of $75,000. Therefore, the FAC did not indicate that the amount in controversy exceeded $75,000.

19. While the Complaint and FAC did not specify the amount of damages plaintiffs seek, on April 16, 2013, plaintiffs served upon Allstate their separate

1   statements of damages. Plaintiffs separate statement of damages allege damages

2   pertaining to plaintiff Russell A. Morris, Sr. in the amounts of: $15,000.00 for pain and

3   suffering, $36,672.00 for property damage, and $100,000.00 in punitive damages; and

4   damages pertaining to plaintiff Wendy Morris in the amounts of: $25,000.00 for pain

5   and suffering, $36,672.00 for property damage, and $100,000.00 in punitive damages.

6   **(Statements of Damages, Exhibit E.)** Prior to Allstate's receipt of plaintiffs' separate

7   statements of damages, Allstate had no way of determining that the amount in

8   controversy exceeded $75,000.

9        20.    Based upon the foregoing, this action is a civil action over which this court

10  has original jurisdiction under the provisions of 28 U.S.C. Section 1332, and is one that

11  may be removed to this court by Allstate under 28 U.S.C. Section 1441(b), in that it is a

12  civil action between citizens of different states wherein the amount in controversy

13  exceeds the sum of $75,000, exclusive of interest and costs.

14  **III.    REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b).**

15       21.    This Notice of Removal is timely according to 28 U.S.C. § 1446(b). Prior

16  to April 16, 2013, Allstate had no way of determining that the amount in controversy

17  exceeded $75,000.

18       22.    Copies of additional pleadings that have been filed in the state court action

19  are attached hereto as **Exhibit F**.

20       **WHEREFORE**, Allstate prays that the state court action now pending against it

21  in the Superior Court of the State of California for the County of Riverside be removed

22  to this United States District Court for the Central District of California – Western

23  Division.

24  DATED: April 24, 2013        MCKENNA LONG & ALDRIDGE LLP

25

26                              By: Peter H. Klee

27                                  Peter H. Klee
                                    Attorneys for Defendant
                                    Allstate Insurance Company

28  US_WEST 803737308.1

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**JUL 16 2012**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allstate Insurance and Does 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Wendy Morris and Russell A. Morris, Sr.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Riverside Historic Courthouse, <br> 4050 Main Street <br> Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):* <br> RIC <br> 1210798 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert P. Karwin, Esq.                                    (951)246-4514
The Law Office of Robert P. Karwin
29800 Bradley Rd. Ste 101, Menifee, CA 92586

**DATE:** *(Fecha)* 7/16/12          Clerk, by _____, Deputy
                                      *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

1     LAW OFFICE OF
2     ROBERT P. KARWIN
      29800 Bradley Rd., Suite 103
3     Menifee, CA  92586
      Telephone: (951) 246-4514
4     Facsimile: (951) 246-8174

5     ROBERT P. KARWIN, ESQ. – SBN 190573

6     Attorneys for plaintiffs,
      Wendy Morris and Russell A. Morris, Sr.

7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 16 2012

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF RIVERSIDE

10

11

12  Wendy Morris and Russell A. Morris, Sr.,

13          Plaintiff,

14  vs.

15  Allstate Insurance and DOES 1-50,
    INCLUSIVE,
16

17          Defendants.

18

**RIC**   **1 2 1 0 7 9 8**

Case No.

COMPLAINT FOR DAMAGES

1) Breach of Insurance Contract

2) Bad Faith Breach of Implied
    Covenant of Good Faith and
    Fair Dealing

19

20  Plaintiffs, Wendy Morris and Russell A. Morris, Sr., allege:

21               <u>GENERAL ALLEGATIONS</u>
            (Facts Common to All Causes of Action)

22

23  1.       The true names or capacities of Defendants, DOES 1 through 50, whether
individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this

24  Complaint and Plaintiffs, therefore, sues said Defendants by such fictitious names and will ask
leave of court to amend this Complaint to show their true names or capacities when the same have

25  been ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the DOE

26  Defendants is, in some manner, responsible for the events and happenings herein set forth and
proximately caused injury and damages to the Plaintiff as herein alleged.

27  2.       At all times herein mentioned, each of the Defendants was the agent and employee

28  of each of the remaining Defendants and was at all times herein mentioned acting within the

1    scope of said agency and employment.

2    3.        At all times herein mentioned, Plaintiffs are informed and believe, and thereupon
3    allege that the Defendants, and each of them, are and were insurance companies, were authorized
     to conduct and were conducting a liability and casualty insurance business in California and were
4    authorized to issue and administer liability and casualty insurance policies in California.

5    4.        At all times herein mentioned, Plaintiffs, were insureds under a home owner's
6    policy, known as policy number 000904394013, which was issued by Defendants, and each of
     them, and which was fully in force and effect at all times alleged herein.  Defendants agreed to
7    pay the benefits of the policy in accordance with the provisions of the policy.

8    5.        The above-mentioned policy continued coverage for a personal property owned by
     Plaintiffs that was damaged as a result of flood or storms.
9

10   6.        On July 6, 2012 while the subject insurance policy was in full force and effect,
     certain items of the plaintiffs' personal property were damaged and/or destroyed by a sudden
11   wind and rain storm in a manner covered by their home owner's policy that occurred at the
     plaintiffs' residence.
12

13   7.        Plaintiff made a proper and timely claim for the benefits due under the
     aforementioned insurance policy.  Defendants, and each of them, denied the claim and have
14   refused to pay the physical damage benefits.

15   8.        Plaintiff complied with all of the conditions precedent to receive the benefit under
     the terms and conditions of the policy from Defendants.  Defendants, and each of them, failed to
16   pay Plaintiffs' claim for benefits.

17
                              **FIRST CAUSE OF ACTION**
18                                (Breach of Contract)

19   9.        Plaintiff incorporates herein, as though set forth fully, all of the allegations
     contained in paragraphs 1 through 8 of this Complaint.
20

21   10.       Defendants, and each them, breached their obligation under the contract with the
     Plaintiff, in that they unreasonably refused to pay the benefit under the contract.
22

23                          **SECOND CAUSE OF ACTION**
                (Bad Faith Breach of Implied Covenant of Good Faith and Fair Dealing)
24   11.       Plaintiff incorporates herein, as though set forth fully, all of the allegations
25   contained in paragraphs 1 through 10 of this Complaint.

26   12.       At all times herein material, Defendants, and each of them, knew, or in the
27   exercise of good faith reasonably should have known, that Plaintiffs were legally entitled to
     recover the benefit under the aforementioned insurance policy, and that the Defendants, and each
28   of them, were obligated to provide Plaintiffs the benefits under the insurance policy.

                                        2
                          COMPLAINT FOR DAMAGES

Page 7

13.       Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known that the policy benefit was due to Plaintiffs. Defendants, and each of them, nevertheless, maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, and failed, to pay the benefits of the policy to Plaintiffs, despite the fact that the benefits under the policy were due and payable to the Plaintiffs and the Plaintiffs were entitled to the full benefits of the policy.

14.       Defendants, and each of them, unreasonably failed to pay Plaintiffs' claim for benefits under the policy. All acts of Defendants, and each of them, as herein alleged, were done with the prior approval of, with the knowledge of, and/or under the express direction or ratification of an officer, director, or managing agent of Defendant, Allstate Insurance and Does 1 to 50, inclusive, consistent with the definitions contained in California Code of Regulations, Title 10, Section 2695.12.

15.       As a proximate result of Defendants' wrongful conduct, as aforementioned, Plaintiffs have been denied the receipt of their lawful insurance policy benefits.

16.       Defendants' actions in withholding and refusing to pay the policy benefits were unreasonable and in bad faith.

17.       Plaintiffs are informed and believe, and thereon allege, that Defendants' actions were part of a practice of Defendants which is designed, among other things, to wrongfully withhold payment of claims with the intent of ignoring the interest of their insured.

18.       As a direct and proximate result of Defendants' wrongful conduct, as aforesaid, Plaintiff has sustained severe and serious injury including, but not limited to emotional and mental distress, anxiety, frustration, humiliation and indignity all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

A.      Benefits due under the insurance policy;
B.      Consequential damages in a sum according to proof;
C.      For attorney fees in an amount to be shown according to proof;
D.      For interest provided by law including, but not limited to, California Civil Code section 3291;
E.      Costs of suit and for such other and further relief as the court deems proper.

### SECOND CAUSE OF ACTION

A.      General damages in a sum according to proof;
B.      Benefits due under the insurance policy;
C.      Consequential damages in a sum according to proof;
D.      Punitive damages in an amount to be shown according to proof;
E.      For attorney fees in an amount to be shown according to proof;

3

COMPLAINT FOR DAMAGES

1  F.    For interest provided by law including, but not limited to, <u>California Civil Code</u> section
2        3291;
   G.    Costs of suit and for such other and further relief as the court deems proper.
3
4        Plaintiffs demand a jury trial in this matter.
5
6
   Dated:    July 16, 2012                LAW OFFICE OF ROBERT P. KARWIN
7
8                                         By:
9                                            Robert P. Karwin
                                             *Attorneys for plaintiffs*, Wendy Morris and
10                                           Russell A. Morris, Sr.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                            4
                            COMPLAINT FOR DAMAGES

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert P. Karwin, Esq., SBN - 190573
The Law Office of Robert P. Karwin
29800 Bradley Rd. Ste. 103, Menifee, CA 92586
TELEPHONE NO.: (951)246-4514    FAX NO.: (951)246-8174
ATTORNEY FOR (Name): Wendy Morris and Russell A. Morris, Sr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Morris v. Allstate

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RIC 1210798  JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 1. Breach of Insurance Contract; 2. Bad Faith
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 7/15/12

Robert P. Karwin, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Page 10

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

WENDY MORRIS VS ALLSTATE INSURANCE

CASE NO. RIC 1210798

This case is assigned to the Honorable Judge Ronald L Taylor
in Department 06 for case management purposes.
The Case Management Conference is scheduled for 01/14/13
at  8:30 in Department 06.

Case is Assigned to Department 12 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 07/17/12            Court Executive Officer/Clerk

By:

JOSEPH R BRANNON, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92226
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ HEMET 880 N. State St., Hemet, CA 92543

☐ INDIO 45-200 Oasis St., Indio, CA 92201
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ TEMECULA 41002 County Center Dr. Ste. 100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Robert P. Karwin, Esq , SBN -190573
The Law Office of Robert P. Karwin
29800 Bradley Rd. Ste 103

TELEPHONE NO: (951) 246-4514     FAX NO. (Optional): (951) 246-8174
EMAIL ADDRESS (Optional): rkarwin@karwinlaw.com
ATTORNEY FOR (Name): Wendy Morris and Russell A. Morris, Sr.

PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr.

DEFENDANT/RESPONDENT: Allstate Insurance and Does 1 - 50, inclusive

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**JUL 16 2012**

RIC

CASE NUMBER:
**1210798**

## CERTIFICATE OF COUNSEL

All civil cases shall be filed in the following courthouses based on the zip code of the area in which the cause of action arose.

The undersigned certifies that this matter should be tried or heard in the following court:

☐ Banning          ☐ Blythe          ☐ Hemet          ☐ Murrieta

☐ Moreno Valley    ☒ Riverside       ☐ Indio          ☐ Temecula

For the reasons specified below:

☐ The action arose in the zip code of:    92585 _____    or
   City/Community of: _____

☐ The action concerns real property located in the zip code of: _____    or
   City/Community of: _____

☐ The Defendant resides in the zip code of: _____    or
   City/Community of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 7/15/12 _____

Robert P. Karwin, Esq. _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

_____ (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 (Rev. 01/12)

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 3115
riverside.courts.ca.gov/ see forms/localforms.shtml

**EXHIBIT B**

| | |
|---|---|
| 1 | LAW OFFICE OF<br>ROBERT P. KARWIN |
| 2 | 29800 Bradley Rd., Suite 103<br>Menifee, CA  92586 |
| 3 | Telephone: (951) 246-4514<br>Facsimile: (951) 246-8174 |
| 4 | |
| | ROBERT P. KARWIN, ESQ. – SBN 190573 |
| 5 | |
| | Attorneys for plaintiffs, |
| 6 | Wendy Morris and Russell A. Morris, Sr. |

**FILED**

**09/19/2012**

**J.BRANNON**

**Superior Court of California**
**County of Riverside**

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE

10

11

| | | |
|---|---|---|
| 12 | Wendy Morris and Russell A. Morris, Sr., | Case No.  RIC 1210798 |
| 13 |                    Plaintiff, | |
| 14 | vs. | FIRST AMENDED COMPLAINT FOR<br>DAMAGES |
| 15 | Allstate Insurance and DOES 1-50,<br>INCLUSIVE, | 1) Breach of Insurance Contract |
| 16 | | 2) Bad Faith Breach of Implied |
| 17 |                    Defendants. | Covenant of Good Faith and<br>Fair Dealing |
| 18 | | |

19

20    Plaintiffs, Wendy Morris and Russell A. Morris, Sr., allege:

21                    **GENERAL ALLEGATIONS**
             **(Facts Common to All Causes of Action)**

22

23    1.        The true names or capacities of Defendants, DOES 1 through 50, whether
individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this

24    Complaint and Plaintiffs, therefore, sues said Defendants by such fictitious names and will ask
leave of court to amend this Complaint to show their true names or capacities when the same have

25    been ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the DOE

26    Defendants is, in some manner, responsible for the events and happenings herein set forth and
proximately caused injury and damages to the Plaintiff as herein alleged.

27    2.        At all times herein mentioned, each of the Defendants was the agent and employee

28    of each of the remaining Defendants and was at all times herein mentioned acting within the

LAW OFFICE OF
ROBERT P.
KARWIN

1

FIRST AMENDED COMPLAINT FOR DAMAGES

Page 13

1   scope of said agency and employment.

2   3.     At all times herein mentioned, Plaintiffs are informed and believe, and thereupon
3   allege that the Defendants, and each of them, are and were insurance companies, were authorized
  to conduct and were conducting a liability and casualty insurance business in California and were
4   authorized to issue and administer liability and casualty insurance policies in California.

5   4.     At all times herein mentioned, Plaintiffs, were insureds under a home owner's
6   policy, known as policy number 000904394013, which was issued by Defendant, Allstate
  Insurance (hereinafter "Allstate"), and Does 1 to 50, inclusive, and which was fully in force and
7   effect at all times alleged herein. Defendants agreed to pay the benefits of the policy in
  accordance with the provisions of the policy.

8

9   5.     The above-mentioned policy continued coverage for a personal property owned by
  Plaintiffs that was damaged as a result of flood or storms.

10

11   6.     On July 6, 2012 while the subject insurance policy was in full force and effect,
  certain items of the plaintiffs' personal property were damaged and/or destroyed by a sudden
12   wind and rain storm in a manner covered by their home owner's policy that occurred at the
  plaintiffs' residence.

13

14   7.     Plaintiffs contacted their Allstate insurance broker, Dan Bergamo, who instructed
  them to file a claim under their flood loss coverage. At Mr. Bergamo's direction, the plaintiffs
15   did file such a claim. When an inspector retained by Allstate visited the property to assess the
  claim, he advised the Plaintiffs that "flood loss" was not the proper method of claim and that the
16   claim should be filed as a "storm loss." The flood claim was then closed without payout.

17   8.     At the instruction and direction of the property inspector retained by Allstate, the
18   plaintiffs re-filed their claim as a windstorm loss. Allstate then denied the claim under the
  pretense that it was fraudulently filed by the plaintiffs. In denying the claim, Allstate asserted an
19   intentionally false theory that, when the flood claim was denied, the plaintiffs fraudulently alleged
  another method of damage to their personal property in order obtain coverage. In fact, the change
20   in the claim was advised and instructed to them by Allstate's own claims personnel.

21   9.     Plaintiff made a proper and timely claim for the benefits due under the
  aforementioned insurance policy. Defendants, and each of them, denied the claim and have
22   refused to pay the physical damage benefits.

23   10.     Plaintiff complied with all of the conditions precedent to receive the benefit under
  the terms and conditions of the policy from Defendants. Defendants, and each of them, failed to
24   pay Plaintiffs' claim for benefits.

25   11.     Allstate personnel conspired, as described herein, to intentionally provide false and
26   misleading policy coverage information to the plaintiffs in order to manufacture a basis to deny
  coverage to the plaintiffs under the policy that they had paid for.

27   // //
28   // //

2

FIRST AMENDED COMPLAINT FOR DAMAGES

Page 14

## FIRST CAUSE OF ACTION
### (Breach of Contract)

12.    Plaintiff incorporates herein, as though set forth fully, all of the allegations contained in paragraphs 1 through 11 of this Complaint.

13.    Defendants, and each them, breached their obligation under the contract with the Plaintiff, in that they unreasonably refused to pay the benefit under the contract.

## SECOND CAUSE OF ACTION
### (Bad Faith Breach of Implied Covenant of Good Faith and Fair Dealing)

14.    Plaintiff incorporates herein, as though set forth fully, all of the allegations contained in paragraphs 1 through 14 of this Complaint.

15.    Allstate personnel conspired, as described herein, to intentionally provide false and misleading policy coverage information to the plaintiffs in order to manufacture a basis to deny coverage to the plaintiffs under the policy that they had paid for.

16.    At all times herein material, Defendants, and each of them, knew, or in the exercise of good faith reasonably should have known, that Plaintiffs were legally entitled to recover the benefit under the aforementioned insurance policy, and that the Defendants, and each of them, were obligated to provide Plaintiffs the benefits under the insurance policy.

17.    Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known that the policy benefit was due to Plaintiffs. Defendants, and each of them, nevertheless, maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, and failed, to pay the benefits of the policy to Plaintiffs, despite the fact that the benefits under the policy were due and payable to the Plaintiffs and the Plaintiffs were entitled to the full benefits of the policy.

18.    Defendants, and each of them, unreasonably failed to pay Plaintiffs' claim for benefits under the policy. All acts of Defendants, and each of them, as herein alleged, were done with the prior approval of, with the knowledge of, and/or under the express direction or ratification of an officer, director, or managing agent of Defendant, Allstate Insurance and Does 1 to 50, inclusive, consistent with the definitions contained in California Code of Regulations, Title 10, Section 2695.12.

19.    As a proximate result of Defendants' wrongful conduct, as aforementioned, Plaintiffs have been denied the receipt of their lawful insurance policy benefits.

20.    Defendants' actions in withholding and refusing to pay the policy benefits were unreasonable and in bad faith.

21.    Plaintiffs are informed and believe, and thereon allege, that Defendants' actions were part of a practice of Defendants which is designed, among other things, to wrongfully withhold payment of claims with the intent of ignoring the interest of their insured.

3

FIRST AMENDED COMPLAINT FOR DAMAGES

22.     As a direct and proximate result of Defendants' wrongful conduct, as aforesaid, Plaintiff has sustained severe and serious injury including, but not limited to emotional and mental distress, anxiety, frustration, humiliation and indignity all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION

A.     Benefits due under the insurance policy;
B.     Consequential damages in a sum according to proof;
C.     For attorney fees in an amount to be shown according to proof;
D.     For interest provided by law including, but not limited to, California Civil Code section 3291;
E.     Costs of suit and for such other and further relief as the court deems proper.

## SECOND CAUSE OF ACTION

A.     General damages in a sum according to proof;
B.     Benefits due under the insurance policy;
C.     Consequential damages in a sum according to proof;
D.     Punitive damages in an amount to be shown according to proof;
E.     For attorney fees in an amount to be shown according to proof;
F.     For interest provided by law including, but not limited to, California Civil Code section 3291;
G.     Costs of suit and for such other and further relief as the court deems proper.

Plaintiffs demand a jury trial in this matter.

Dated:    September 19, 2012         LAW OFFICE OF ROBERT P. KARWIN

By:

Robert P. Karwin
*Attorneys for plaintiffs*, Wendy Morris and
Russell A. Morris, Sr.

4

FIRST AMENDED COMPLAINT FOR DAMAGES

SUM-100

**FIRST AMENDED** **SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allstate Insurance and Does 1 to 50, inclusive

**FILED**

09/19/2012

J.BRANNON

Superior Court of California
County of Riverside

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Wendy Morris and Russell A. Morris, Sr.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Riverside Historic Courthouse,<br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>**RIC 1210798** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert P. Karwin, Esq.                        (951)246-4514
The Law Office of Robert P. Karwin
29800 Bradley Rd. Ste 103, Menifee, CA 92586

| DATE:<br>*(Fecha)*  09/19/12 | Clerk, by<br>*(Secretario)*  J.BRANNON | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Page 17

**EXHIBIT C**

1 | MCKENNA LONG & ALDRIDGE LLP
Peter H. Klee, State Bar No. 111707
2 | Theona Zhordania, State Bar No. 254428
300 South Grand Avenue, Suite 1400
3 | Los Angeles, California 90071
Telephone No.: 213.688.1000
4 | Fax No.: 213.452.8031
E-Mail:    pklee@mckennalong.com
5 |         tzhordania@mckennalong.com

6 | Attorneys for Defendant Allstate Insurance Company

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 30 2012

M. Preciado

GLV

NOV 10 2012

R

7

8 |             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |             FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

10

11 | Wendy Morris and Russell A. Morris, Sr.,

12 |         Plaintiffs,

13 | v.

14 | Allstate Insurance and DOES 1-5
INCLUSIVE,

15

16 |         Defendant.

Case No. RIC 1210798

BY FAX

ALLSTATE INSURANCE
COMPANY'S ANSWER TO
PLAINTIFFS' FIRST AMENDED
COMPLAINT

Complaint Filed:        July 16, 2012

17

18

19

20

21

22

23

24

25

26

27

28

ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Allstate Insurance Company ("Allstate") hereby answers the First Amended Complaint (the "Complaint") filed by plaintiffs Wendy Morris and Russell A. Morris (collectively, "Plaintiffs") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Allstate generally denies the allegations of the Complaint.

### DEFENSES

Without conceding that it has the burden of proof as to any of these matters, Allstate submits the following defenses:

### DEFENSE NO. 1.

(Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each purported cause of action therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

### DEFENSE NO. 2.

(Statute of Limitations)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to file this suit within the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337(1); 338(a) and (d); 339(1) and (3); and 343.

### DEFENSE NO. 3.

("Suit Against Us" Provision)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to comply with the "Suit Against Us" provision in their Allstate policy.

### DEFENSE NO. 4.

(Notice)

Plaintiffs' claims are barred to the extent that they failed to provide Allstate with prompt written notice of the loss.

2

## DEFENSE NO. 5.

(Proof of Loss)

Plaintiffs' claims are barred to the extent that they failed to provide Allstate with a signed, sworn proof of loss within 60 days of the loss.

## DEFENSE NO. 6.

(Condition Precedent)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to perform certain conditions precedent to any obligations or indebtedness which Allstate might otherwise have had toward them.

## DEFENSE NO. 7.

(Failure to Comply with Contractual Terms)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs have not fully complied with all the terms and conditions of their policies.

## DEFENSE NO. 8.

(Waiver)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs waived any rights they may otherwise have had against Allstate.

## DEFENSE NO. 9.

("What You Must Do After A Loss" Provision)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to comply with the "What You Must Do After A Loss" provision in their Allstate policies.

## DEFENSE NO. 10.

(Failure to Cooperate)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to cooperate with Allstate.

## DEFENSE NO. 11.

### (Failure to Mitigate)

The Complaint, and each purported cause of action therein, is barred because Plaintiffs failed to mitigate their damages, if any.

## DEFENSE NO. 12.

### (Comparative or Contributory Fault)

Without in any way admitting that Plaintiffs were in any way damaged, or that they were damaged by any conduct of Allstate, the damages complained of were proximately caused in whole or in part by the comparative or contributory fault and negligence of Plaintiffs and/or their agents and representatives.

## DEFENSE NO. 13.

### (Damage Caused By Others)

To the extent the purported damages, if any, sustained or suffered by Plaintiffs were proximately caused or contributed to by the acts or omissions of other persons and entities, such acts or omissions were intervening and/or superseding cause(s) of Plaintiffs' damages, thus barring Plaintiffs' recovery or reducing Plaintiffs' recovery against Allstate.

## DEFENSE NO. 14.

### (Estoppel)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs are estopped to assert the claims set forth in the Complaint.

## DEFENSE NO. 15.

### (Due Process)

An award of punitive damages greater than that of compensatory damages would violate Allstate's rights to due process under both the United States and California Constitutions.

ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

### DEFENSE NO. 16.

#### (Due Process)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to state facts sufficient to constitute a claim for punitive damages against Allstate. Allstate further alleges that it has never taken any action which would constitute oppression, fraud or malice under Civil Code Section 3294.

### DEFENSE NO. 17.

#### (Due Process)

Allstate alleges that Civil Code Section 3294 is unconstitutionally vague under the Due Process Clause of the California and United States Constitutions.

### DEFENSE NO. 18.

#### (Due Process)

Any award of punitive damages based on anything other than Allstate's conduct specific to this lawsuit and/or to Plaintiffs would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### DEFENSE NO. 19.

#### (Due Process)

Unless both liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the California Constitution.

### DEFENSE NO. 20.

#### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

Page 22

## DEFENSE NO. 21.

### (Exclusions from Coverage)

The Complaint, and each purported cause of action therein, may be barred and/or limited by one or more exclusions and limitations contained within the insurance policy issued to Plaintiffs.

## DEFENSE NO. 22.

### (Exclusions from Coverage Personal Property Reimbursement)

The Complaint, and each purported cause of action therein, may be barred and/or limited by one or more exclusions and limitations contained within the insurance policy issued to Plaintiffs for personal property reimbursement.

## DEFENSE NO. 23.

### (Exclusions from Coverage Personal Property Reimbursement)

The Complaint, and each purported cause of action therein, may be barred and/or limited by the following provisions in the policy:

"Personal Property Reimbursement payment will not exceed the smallest of the following amounts:

1)  the amount actually and necessarily spent to repair or replace the property with similar property of like kind and quality;

2)  the cost of repair or restoration; or

3)  the limit of liability shown on the Policy Declarations for Coverage C – Personal Property Protection, or any special limit of liability described in the policy, regardless of the number of items of personal property involved in the loss.

Personal Property Reimbursement will be limited to the difference between any actual cash value payment made for the covered loss to personal property and the smallest of 1), 2), or 3) above.

ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

| | |
|---|---|
| 1 | <u>**DEFENSE NO. 24.**</u> |
| 2 | (Limitations on Certain Personal Property) |
| 3 | The Complaint, and each purported cause of action therein, may be barred and/or |
| 4 | limited by the Limitations on Certain Personal Property provision in the policy. |
| 5 | <u>**DEFENSE NO. 25.**</u> |
| 6 | (Property Not Covered Under Coverage C) |
| 7 | The Complaint, and each purported cause of action therein, may be barred and/or |
| 8 | limited to the extent that the personal property at issue is not covered under Coverage C. |
| 9 | <u>**DEFENSE NO. 26.**</u> |
| 10 | (Losses Covered Under Coverage C) |
| 11 | The Complaint, and each purported cause of action therein, may be barred and/or |
| 12 | limited by the following provisions in the policy: |
| 13 | We will cover sudden and accidental direct physical loss to the property |
| 14 | described in Coverage C – Personal Property Protection, except as limited or excluded in this policy, caused by: |
| 15 | 1.    Fire or Lightning. |
| 16 | 2.    Windstorm or Hail. |
| 17 | We do not cover: |
| 18 | a)    loss to covered property inside a building structure, caused by rain, snow, |
| 19 | sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall; |
| 20 | b)    loss to watercraft and their trailers, furnishings, equipment and motors |
| 21 | unless inside a fully enclosed building structure.  However, we do not cover canoes and rowboats on the residence premises. |
| 22 | <u>**DEFENSE NO. 27.**</u> |
| 23 | (Losses Not Covered Under Coverage C) |
| 24 | The Complaint, and each purported cause of action therein, may be barred and/or |
| 25 | limited by the following provisions in the policy: |
| 26 | We do not cover loss to the property described in Coverage C – Personal |
| 27 | Property Protection caused by or consisting of: |
| 28 | 1.    Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not |

7

driven by wind.

2.       Water or any other substance that backs up through sewers or drains.

3.       Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of substance water which is drained from a foundation area of a structure.

4.       Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises . . .

      .         .         .

7.       The failure by any insured person to take all reasonable steps to save and preserve property when the property is endangered by a cause of loss we cover.

      .         .         .

13.     Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss.

      .         .         .

15.     We do not cover loss to covered property described in Coverage C – Personal Property Protection when:

a)      there are two or more causes of loss to the covered property; and

b)      the predominant cause(s) of loss is (are) excluded under Losses We Do Not Cover, items 1 through 14 above.

## DEFENSE NO. 28.

(What You Must Do After a Loss Provision)

The Complaint, and each purported cause of action therein, may be barred and/or limited because Plaintiffs failed to comply with the "What You Must Do After a Loss" provision in the policy.

## DEFENSE NO. 29.

(Exclusions from Coverage Personal Property Reimbursement)

The Complaint, and each purported cause of action therein, may be barred and/or limited by the following provision in the policies:

"Personal Property Reimbursement will not apply to:

2)      antiques, fine arts, paintings, statuary and similar articles which, by their

8

inherent nature, cannot be replaced;

3)    articles whose age or history contribute substantially to their value. This includes, but is not limited to memorabilia, souvenirs and collector's items; or

4)    property that was obsolete or unusable for the originally intended purpose because of age or condition prior to the loss."

### DEFENSE NO. 30.

#### (Exclusions from Coverage)

The Complaint, and each purported cause of action therein, may be barred and/or limited by one or more exclusions in the policy for "[w]ater, moisture, mildew, mold or mudslide (i.e. mudflow) damage resulting primarily from any condition substantially confined to the insured building or from any condition which is within the Insured's control . . . ."

### DEFENSE NO. 31.

#### ("Joint Obligations" Provision)

The Complaint, and each purported cause of action therein, may be barred and/or limited by the following policy provision:

"The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person."

### DEFENSE NO. 32.

#### (Insurable Interest and Liability)

The Complaint, and each purported cause of action therein, may be barred and/or limited by the following policy provision:

"In the event of a covered loss, we will not pay for more than an insured person's insurable interest in the property covered, nor more than the amount of coverage afforded by this policy."

## DEFENSE NO. 33.

### ("How We Pay For A Loss" Provisions)

The Complaint, and each purported cause of action therein, may be barred and/or limited by the "How We Pay For A Loss" provisions in Plaintiffs' Allstate policy.

## DEFENSE NO. 34.

### (Material Misrepresentation)

To the extent that Plaintiffs or any insured made a material misrepresentation to Allstate, the Complaint, and each purported cause of action therein, is barred.

## DEFENSE NO. 35.

### (Concealment)

To the extent that Plaintiffs or any insured concealed a material fact from Allstate, the Complaint, and each purported cause of action therein, is barred.

## DEFENSE NO. 36.

### (Misrepresentation in Application)

To the extent that Plaintiffs or any insured misrepresented a material fact to Allstate in connection with their insurance application(s), the Complaint, and each purported cause of action therein, is barred.

## DEFENSE NO. 37.

### (Concealment in Application)

To the extent that Plaintiffs or any insured concealed a material fact from Allstate in connection with their insurance application(s), the Complaint, and each purported cause of action therein, is barred.

## DEFENSE NO. 38.

### (Spoliation of Evidence)

To the extent Plaintiffs negligently or intentionally spoliated evidence by disposing, modifying, replacing or permitting third parties to dispose, modify or replace property that allegedly was damaged, Plaintiffs should be barred from bringing this action against Allstate for failure to preserve critical evidence.

ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

Page 27

## DEFENSE NO. 39.

(Reservation of Rights)

Allstate is informed and believes and thereupon alleges that it may have other separate and additional defenses of which it is presently unaware; Allstate reserves the right to allege other separate and additional defenses upon the discovery of additional facts during the course of discovery.

WHEREFORE, Allstate prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint or any pleading on file herein;

2. For attorneys' fees and costs incurred in the defense of this action to the extent that such fees and costs are recoverable;

3. For such other and further relief as the Court may deem just and proper.

DATED: October 30, 2012          MCKENNA LONG & ALDRIDGE LLP

By: _____
Theona Zhordania
Attorneys for Defendant
Allstate Insurance Company

803521109.1

ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On October 30, 2012, I served true copies of the following document(s) described as **ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris*
*and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 30, 2012 at Los Angeles, California.

Rosanna R Pérez

201245706.1

Page 29

**EXHIBIT D**

MCKENNA LONG & ALDRIDGE LLP
Peter H. Klee, State Bar No. 111707
Theona Zhordania, State Bar No. 254428
300 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone No.: 213.688.1000
Fax No.: 213.452.8031
E-Mail:   pklee@mckennalong.com
          tzhordania@mckennalong.com

Attorneys for Defendant Allstate Insurance Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

| | |
|---|---|
| Wendy Morris and Russell A. Morris, Sr.,<br><br>     Plaintiffs,<br><br>v.<br><br>Allstate Insurance and DOES 1-5 INCLUSIVE,<br><br>     Defendant. | Case No. RIC 1210798<br><br>Commissioner Paulette D. Barkley<br>Dept. 12<br><br>**DEFENDANT ALLSTATE INSURANCE COMPANY'S REQUEST FOR STATEMENT OF DAMAGES TO PLAINTIFFS, WENDY MORRIS AND RUSSELL A. MORRIS, SR.**<br><br>Complaint Filed:      July 16, 2012 |

Pursuant to Code of Civil Procedure § 425.11, defendant Allstate Insurance Company ("Allstate") hereby requests that plaintiffs Wendy Morris and Russell A. Morris, Sr. furnish a statement setting forth the nature and specific amount of contractual, consequential, emotional distress, general, and punitive damages being sought by them against Allstate in this action.

Said Statement of Damages must be in writing and served on the requesting party within 15 days of the date of service on this Request for Statement of Damages

DATED: March 7, 2013          MCKENNA LONG & ALDRIDGE LLP


By: _____
    Theona Zhordania
    Attorneys for Defendant
    Allstate Insurance Company

1

DEFENDANT ALLSTATE'S REQUEST FOR STATEMENT OF DAMAGES TO PLAINTIFFS, WENDY MORRIS AND RUSSELL A. MORRIS, SR.
US_WEST 803671443.1

Page 30

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On March 5, 2013, I served true copies of the following document(s) described as **DEFENDANT ALLSTATE INSURANCE COMPANY'S REQUEST FOR STATEMENT OF DAMAGES TO PLAINTIFFS, WENDY MORRIS AND RUSSELL A. MORRIS, SR.** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris*
*and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 5, 2013 at Los Angeles, California.

Rosanna R Pérez

201245706.1

Page 31

EXHIBIT E

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Robert P. Karwin, Esq.  SBN # 190573<br>The Law Office of Robert P. Karwin<br>29800 Bradley Rd. Ste 103<br>Menifee, CA 92586<br>ATTORNEY FOR *(name)*: Wendy Morris | TELEPHONE NO.:<br>(951)246-4514 | FOR COURT USE ONLY |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: Russell Morris,  Wendy Morris
DEFENDANT: Allstate Insurance

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RIC 1210798 |
|---|---|

To *(name of one defendant only)*: Allstate Insurance
Plaintiff *(name of one plaintiff only)*: Russell A. Morris, Sr
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience ........................................ | $ | 15,000.00 |
| b. [ ] Emotional distress. ............................................................ | $ | |
| c. [ ] Loss of consortium ........................................................... | $ | |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | $ | |
| e. [ ] Other *(specify)* .............................................................. | $ | |
| f. [ ] Other *(specify)* .............................................................. | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [ ] Medical expenses *(to date)* ............................................ | $ | |
| b. [ ] Future medical expenses *(present value)* ........................... | $ | |
| c. [ ] Loss of earnings *(to date)* ............................................. | $ | |
| d. [ ] Loss of future earning capacity *(present value)* ................... | $ | |
| e. [X] Property damage ............................................................ | $ | $36,672.00 |
| f. [ ] Funeral expenses *(wrongful death actions only)* ................... | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. [ ] Other *(specify)* ............................................................. | $ | |
| j. [ ] Other *(specify)* ............................................................. | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

3. [X]  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $   100,000.00
    when pursuing a judgment in the suit filed against you.

Date: 4·16·13

Robert P. Karwin, Esq.
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                 )   ss.       Case # RIC 1210798
COUNTY OF RIVERSIDE )

      I am employed in the County of Riverside, State of California.

      I am over the age of 18 and not a party to the within action; my business address is: **29800 Bradley Rd., Suite 103, Menifee, CA 92586**

      On this date, I served the foregoing document described as: **Plaintiff Russell Morris` Sr. Responses to Statement of Damages (Set 1)** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

McKenna Long & Aldridge
300 South Grand Ave, 14th Floor
Los Angeles, CA 90071-3124

  **X**   **[BY MAIL]** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Menifee, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  \_\_\_\_\_ **[BY PERSONAL SERVICE]** I caused to be delivered such envelope by hand to the offices of the addressee.

  \_\_\_\_\_ **[BY FACSIMILE TRANSMITTAL]** I sent by facsimile the above document on _____. to the following facsimile machine number: *

Executed on  April 16, 2013 , at Menifee, California.

**[STATE]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                    ROBIN LARA

Page 33

Law Office of
ROBERT P.
KARWIN

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Robert P. Karwin, Esq.  SBN # 190573<br>The Law Office of Robert P. Karwin<br>29800 Bradley Rd. Ste 103<br>Menifee, CA 92586<br>ATTORNEY FOR *(name)*: Wendy Morris | TELEPHONE NO.:<br>(951)246-4514 | FOR COURT USE ONLY |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside |
|---|
| STREET ADDRESS: 4050 Main Street |
| MAILING ADDRESS: P.O. Box 431 |
| CITY AND ZIP CODE: Riverside, 92501 |
| BRANCH NAME: Riverside Historic Courthouse |

| PLAINTIFF: Russell Morris,  Wendy Morris |
|---|
| DEFENDANT: Allstate Insurance |

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RIC 1210798 |
|---|---|

To *(name of one defendant only)*: Allstate Insurance

Plaintiff *(name of one plaintiff only)*: Wendy Morris
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                                    AMOUNT

 a. [X] Pain, suffering, and inconvenience ................................................ $ 25,000.00

 b. [ ] Emotional distress. ........................................................................ $ _____

 c. [ ] Loss of consortium ......................................................................... $ _____

 d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ......... $ _____

 e. [ ] Other *(specify)* ............................................................................. $ _____

 f. [ ] Other *(specify)* ............................................................................. $ _____

 g. [ ] Continued on Attachment 1.g.

**2. Special damages**

 a. [ ] Medical expenses *(to date)* ......................................................... $ _____

 b. [ ] Future medical expenses *(present value)* ...................................... $ _____

 c. [ ] Loss of earnings *(to date)* ........................................................... $ _____

 d. [ ] Loss of future earning capacity *(present value)* ............................. $ _____

 e. [X] Property damage .......................................................................... $ $36,672.00

 f. [ ] Funeral expenses *(wrongful death actions only)* ............................. $ _____

 g. [ ] Future contributions *(present value) (wrongful death actions only)* ... $ _____

 h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____

 i. [ ] Other *(specify)* ............................................................................. $ _____

 j. [ ] Other *(specify)* ............................................................................. $ _____

 k. [ ] Continued on Attachment 2.k.

**3.** [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 100,000.00
    when pursuing a judgment in the suit filed against you.

Date: 4·16·13

Robert P. Karwin, Esq.
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Page 1 of 2
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Page 34

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                  )    **ss.**        **Case # RIC 1210798**
COUNTY OF RIVERSIDE )

I am employed in the County of Riverside, State of California.

I am over the age of 18 and not a party to the within action; my business address is: **29800 Bradley Rd., Suite 103, Menifee, CA 92586**

On this date, I served the foregoing document described as: **Plaintiff Wendy Morris' Responses to Statement of Damages (Set 1)** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

McKenna Long & Aldridge
300 South Grand Ave, 14th Floor
Los Angeles, CA 90071-3124

**X**     **[BY MAIL]**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Menifee, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  **[BY PERSONAL SERVICE]**  I caused to be delivered such envelope by hand to the offices of the addressee.

_____  **[BY FACSIMILE TRANSMITTAL]**  I sent by facsimile the above document on _____. to the following facsimile machine number: *

Executed on  April 16, 2013 , at Menifee, California.

**[STATE]**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ROBIN LARA

Page 35

1

PROOF OF SERVICE

LAW OFFICE OF
ROBERT P.
KARWIN

**EXHIBIT F**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 1 2012
J. ALVAREZ

GLV

SEP 04 2012

R

1  Peter H. Klee, State Bar No. 111707
   Theona Zhordania, State Bar No. 254428
2  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, Suite 1400
3  Los Angeles, California 90071
   Telephone No.: 213.688.1000
4  Fax No.: 213.452.8031
   E-Mail:   pklee@mckennalong.com
5              tzhordania@mckennalong.com

6  Attorneys for Defendant Allstate Insurance Company

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

10

11 Wendy Morris and Russell A. Morris, Sr.,         Case No. RIC 1210798

12        Plaintiffs,                               **MEMORANDUM OF POINTS AND**
                                                    **AUTHORITIES IN SUPPORT OF**
13 v.                                               **ALLSTATE INSURANCE COMPANY'S**
                                                    **MOTION TO STRIKE PLAINTIFFS'**
14 Allstate Insurance and DOES 1-5                  **CLAIM FOR PUNITIVE DAMAGES**
   INCLUSIVE,
15                                                  Date:  October 12, 2012
        Defendant.                                  Time:  8:30 a.m.
16                                                  Dept.:  12                   BY FAX

17                                                  Complaint Filed:     July 16, 2012

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLSTATE INSURANCE COMPANY'S
MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

# I.

## INTRODUCTION

This case involves a dispute over how Allstate Insurance Company handled plaintiffs' insurance claim. Plaintiffs allege that their personal property was destroyed by a sudden wind and storm and that Allstate improperly denied coverage.

The complaint asserts two causes of action for breach of contract and bad faith. Although plaintiffs also seek punitive damages, the complaint is devoid of any factual allegations of malice, oppression or fraud to support such a claim. As a matter of law, allegations of bad faith are not sufficient to state a claim for punitive damages. Accordingly, the Court should strike the portions of the complaint that relate to punitive damages without leave to amend.

# II.

## THE ALLEGATIONS IN THE COMPLAINT

The complaint alleges the following facts. Plaintiffs had an Allstate policy that provided coverage for personal property. (Complaint, ¶¶4, 6.) In July of 2012, plaintiffs' personal property was destroyed and/or damaged by a sudden wind and rain storm. (*Id.* at ¶6.) Plaintiffs submitted a claim to Allstate. (*Id.* at ¶7.) According to plaintiffs, Allstate improperly denied their claim. (*Id.* at ¶8.)

# III.

## THE COURT SHOULD STRIKE PLAINTIFFS' PUNITIVE DAMAGES CLAIM

Plaintiffs' allegations include all the buzzwords one would expect to see in any complaint for bad faith. But no matter how plaintiffs plead these garden-variety bad faith allegations, they cannot state a claim for punitive damages without *factual* – not conclusory – allegations of malice, oppression or fraud.

*Smith v. Superior Court*, 10 Cal. App. 4th 1033 (1992) is instructive. There, the court addressed a similar series of conclusory, factually-void punitive damages allegations. In particular, the plaintiff in *Smith* alleged:

> The defendants' conduct . . . was intentional, knowing, malicious, fraudulent, false and deceitful. Said acts and omissions were undertaken with a conscious and knowing disregard of the interests and rights of plaintiff and to benefit the defendants . . .

2

financially, and were part and parcel of a scheme and plan to defraud plaintiff. Defendants' conduct . . . was thus such as to constitute oppression, fraud or malice. . . .

*Id.* at 1036. The Court of Appeal issued a peremptory writ of mandate, directing that the trial court grant the defendant's motion to strike the plaintiff's punitive damage claim. *Id.* at 1041.

Here, plaintiffs' punitive damages allegations are as conclusory and factually-void as those rejected by the Court of Appeal in *Smith.* Plaintiffs allege that "Defendants, and each of them . . . maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, to pay the benefits of the policy to Plaintiffs . . ." (Complaint, ¶13.) This is a far cry from factual allegations demonstrating malice, oppression or fraud that are required to support a punitive damages claim.

For example, where do plaintiffs allege specific conduct "which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people?"[1] Where is it alleged that Allstate committed "an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others?"[2] Where do the factual allegations demonstrate an "[e]vil motive [which] is the central element of the malice which justifies an exemplary award?"[3] Factual allegations to support a claim for punitive damages are nowhere to be found in plaintiffs' complaint. And the reason is simple: there are no facts to support them.

While plaintiffs may have alleged that Allstate committed bad faith, that, as a matter of law, is not enough to state a claim for punitive damages:

> Proof of a violation of the duty of good faith and fair dealing does not establish that the defendant acted with the requisite intent to injure the plaintiff. Thus it does not follow

---

[1] "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of the person's rights." Civ. Code § 3294(a)(2). "'Despicable conduct' is . . . conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Stewart v. Truck Ins. Exch.*, 17 Cal. App. 4th 468, 483 n.29 (1993).

[2] *Kendall Yacht Corp. v. United California Bank*, 50 Cal. App. 3d 949, 958 (1975). Plaintiffs who try to establish malice without showing an actual intent to harm must prove that the defendant's acts were both willful and despicable. *College Hosp., Inc. v. Superior Court*, 8 Cal. 4th 704, 713 (1994).

[3] *O'Hara v. Western Seven Trees Corp.*, 75 Cal. App. 3d 798, 806 (1977). "Consequently, 'to establish malice, it is not sufficient to show only that the defendant's conduct was negligent, grossly negligent or even reckless.'" *Bell v. Sharp Cabrillo Hosp.*, 212 Cal. App. 3d 1034, 1044 (1989) (citations omitted).

3

that, because State Farm took an unreasonable position on the validity of a defense to coverage under Beck's policy, State Farm acted with intent to harm Beck.

*Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal. App. 3d 347, 355-56 (1976) (citations omitted); *see also Stewart v. Truck Ins. Exch.*, 17 Cal. App. 4th 468, 483 (1993) ("Evidence that an insurer has violated its duty of good faith and fair dealing does not thereby establish that it has acted with the requisite malice to justify an award of punitive damages"); *Travelers Ins. Co. v. Lesher*, 187 Cal. App. 3d 169, 200 (1986) *overruled on other grounds in Buss v. Superior Court*, 16 Cal. 4th 35, 50 (1997) (same) (citations omitted).

   *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 892-93, 910 (2000) is directly on point. There, the jury found that the insurance company (i) "unreasonably failed to assess first-party coverage," (ii) "never took any meaningful action to reassess its ill-advised denial of first-party coverage," (iii) "persisted in an unreasonable denial of first-party coverage," (iv) "lacked any reasonable justification for failing to adequately assess . . . liability" and (v) acted with a "careless disregard for the rights of its insured and an obstinate persistence in an ill-advised initial position." Based on these findings, the jury awarded punitive damages. The Court of Appeal affirmed the jury's finding of bad faith but reversed its punitive damages award because even this type of conduct was insufficient to impose punitive damages:

   the evidence required to support an award of punitive damages for breach of the
   implied covenant of good faith and fair dealing is 'of a different dimension' from that
   needed to support a finding of bad faith.

*Id.* at 909-10 (citations omitted) (emphasis added). *See also Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1288 (1994) (facts sufficient to support a bad faith claim were not sufficient to support a claim for punitive damages because there was nothing done "which could be described as evil, criminal, recklessly indifferent to the rights of the insured, or with a vexatious intention to injure").

   Likewise, here, even if all of the bad faith conduct that plaintiffs allege were true (and it is not), it would not satisfy the pleading standards for punitive damages. Because plaintiffs' allegations are simply insufficient to support a claim for punitive damages, the Court should strike the portions of the complaint that relate to punitive damages.

4

# IV.

## CONCLUSION

Because plaintiffs do not and cannot assert factual allegations of malice, oppression or fraud to support a punitive damages claim, the Court should strike their request for punitive damages.

DATED: August 31, 2012

MCKENNA LONG & ALDRIDGE LLP

By: _____
Theona Zhordania
Attorneys for Defendant
Allstate Insurance Company

201245708.1

5

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On August 31, 2012, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLSTATE INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris
and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 31, 2012 at Los Angeles, California.

_____
Rosanna R Pérez

201245706.1

Page 41

Peter H. Klee, State Bar No. 111707
Theona Zhordania, State Bar No. 254428
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone No.: 213.688.1000
Fax No.: 213.452.8031
E-Mail:    pklee@mckennalong.com
          tzhordania@mckennalong.com

Attorneys for Defendant Allstate Insurance Company

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 1 2012

J. ALVAREZ

SEP 04 2012
R

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

| | |
|---|---|
| Wendy Morris and Russell A. Morris, Sr., | Case No. RIC 1210798 |
| Plaintiffs, | **ALLSTATE INSURANCE COMPANY'S** |
| v. | **NOTICE OF MOTION AND MOTION** |
| | **TO STRIKE PLAINTIFFS' CLAIM FOR** |
| Allstate Insurance and DOES 1-5 | **PUNITIVE DAMAGES** |
| INCLUSIVE, | |
| | Date: October 12, 2012 |
| Defendant. | Time: 8:30 a.m. |
| | Dept.: 12 |
| | |
| | Complaint Filed:        July 16, 2012 |

ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS'
CLAIM FOR PUNITIVE DAMAGES

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 12, 2012, or as soon thereafter as this matter may be heard in Department 12 of the above-entitled court, located at 4050 Main Street, Riverside, CA 92501-3703, defendant Allstate Insurance Company will and hereby does move to strike plaintiffs' claim for punitive damages.

The motion to strike is based on the ground that plaintiffs have failed to plead allegations of malice, oppression or fraud to support a punitive damages claim. Therefore, plaintiffs' claim for punitive damages is improper and irrelevant and should be stricken pursuant to Cal. Code Civ. Proc. § 436.

This motion to strike is based on this notice, the memorandum of points and authorities filed concurrently herewith, the [proposed] order lodged concurrently herewith, the records and files in this matter, and such further argument as may be presented in connection with this motion.

DATED: August 31, 2012        MCKENNA LONG & ALDRIDGE LLP

By: _____
Theona Zhordania
Attorneys for Defendant Allstate Insurance Company

201245774.1

---

2

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On August 31, 2012, I served true copies of the following document(s) described as **ALLSTATE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris
and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 31, 2012 at Los Angeles, California.

Rosanna R Pérez

201245706.1

Page 44

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 01 2012

D. Rosenbloom

FILE

OCT 0 2 2012

1  Peter H. Klee, State Bar No. 111707
   Theona Zhordania, State Bar No. 254428
2  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, Suite 1400
3  Los Angeles, California 90071
   Telephone No.: 213.688.1000
4  Fax No.: 213.452.8031
   E-Mail:   pklee@mckennalong.com
5            tzhordania@mckennalong.com

6  Attorneys for Defendant Allstate Insurance Company

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

10

11  Wendy Morris and Russell A. Morris, Sr.,      Case No. RIC 1210798

12        Plaintiffs,                              BY FAX

13  v.                                            DEFENDANT ALLSTATE INSURANCE
                                                  COMPANY'S NOTICE OF
14  Allstate Insurance and DOES 1-5               WITHDRAWAL OF ITS MOTION TO
    INCLUSIVE,                                    STRIKE PLAINTIFFS' CLAIM FOR
15                                                PUNITIVE DAMAGES
          Defendant.
16                                                Date:    October 12, 2012
                                                  Time:    8:30 a.m.
17                                                Dept.:   12

18                                                Complaint Filed:    July 16, 2012

19

20       TO THE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

21       Defendant Allstate Insurance Company ("Allstate") hereby withdraws its motion to strike

22  plaintiffs' claim for punitive damages, which is currently scheduled to be heard on October 12, 2012 at

23  8:30 a.m., in Department 12 of the above-captioned court.

24  DATED: October 1, 2012           MCKENNA LONG & ALDRIDGE LLP

25

26

27                                   By: _____
                                         Theona Zhordania
28                                       Attorneys for Defendant Allstate Insurance Company
    801447854.1

ALLSTATE INSURANCE COMPANY'S NOTICE OF WITHDRAWAL OF ITS MOTION TO STRIKE

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On October 1, 2012, I served true copies of the following document(s) described as **DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF WITHDRAWAL OF ITS MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris*
*and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 1, 2012 at Los Angeles, California.

Rosanna R Pérez

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Peter H. Klee, SBN 11707  Theona Zhordania, SBN 254428<br>MCKENNA LONG & ALDRIDGE LLP<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071 | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>DEC 31 2012<br><br>N. Cabrera<br><br>Per CRC 3.725<br>UNTIMELY |
| TELEPHONE NO. (213) 688-1000     FAX NO. *(Optional)*: (213) 452-8031 | |
| E-MAIL ADDRESS *(Optional)*: pklee@mckennalong.com; tzhordania@mckennalong.com | |
| ATTORNEY FOR *(Name)*: Defendant Allstate Insurance Company | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Riverside**

STREET ADDRESS  4050 Main Street

MAILING ADDRESS

CITY AND ZIP CODE: Riverside, CA  92501

BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr.,

DEFENDANT/RESPONDENT: Allstate Insurance Company, et al.

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER | |
|---|---|---|---|---|
| *(Check one):* | ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | RIC1210798 | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: January 14, 2013      Time: 8:30 a.m.      Dept.: 6      Div.:      Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Defendant Allstate Insurance Company
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint  ☒ cross-complaint      *(Describe, including causes of action)*:
      Plaintiffs' complaint alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr., | CASE NUMBER:<br>RIC 1210798 |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
This case involves a dispute over how Allstate Insurance Company handled plaintiffs' insurance claim. Plaintiffs allege that their personal property was destroyed by a sudden wind and storm and that Allstate improperly denied coverage.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. Jury or nonjury trial
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. Trial date
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   April 2013 (trial); June 2013 (trial); July 15-26; September 23-27

7. Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 5-7
   b. ☐ hours (short causes) *(specify):*

8. Trial representation *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:               f. Fax number:
   e. E-mail address:                 g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. Preference
   ☐ This case is entitled to preference *(specify code section):*

10. Alternative dispute resolution (ADR)
   a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. Referral to judicial arbitration or civil action mediation (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

---

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

Page 48

| PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr., | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | RIC1210798 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr., | CASE NUMBER: RIC 1210798 |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | |

11. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

13. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. Other motions
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
   Allstate Insurance Company anticipates filing a summary judgment or summary adjudication motion.

16. Discovery
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Allstate Insurance Company | Written Discovery | August 31, 2013 |
| Allstate Insurance Company | Depositions | October 31, 2013 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

Page 50

| PLAINTIFF/PETITIONER: Wendy Morris and Russell A. Morris, Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | RIC 1210798 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 28, 2012

Theona Zhordania
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.

On December 28, 2012, I served true copies of the following document(s) described as **CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

Robert P. Karwin
LAW OFFICES OF ROBERT P. KARWIN
29800 Bradley Road, Suite 103
Menifee, CA 92586
Telephone No.: (951) 246-4514
Facsimile No.: (951) 246-8174
Email: rkarwin@karwinlaw.com

*Attorneys for Plaintiffs Wendy Morris*
*and Russell A. Morris, Sr.*

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with McKenna Long & Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rperez@mckennalong.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2012 at Los Angeles, California.

Rosanna R Perez

201245706.1

Page 52

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert P. Karwin, Esq., SBN - 190573<br>The Law Office of Robert P. Karwin<br>29800 Bradley Rd. Ste 103<br>Menifee, CA 92586<br>TELEPHONE NO.: (951)246-4514 FAX NO. *(Optional):*(951)246-8174<br>E-MAIL ADDRESS *(Optional):* rkarwin@karwinlaw.com<br>ATTORNEY FOR *(Name):* Wendy Morris and Russell Morris, Sr. | **FILED**<br>01/02/2013<br>J. JONES<br>Superior Court of California<br>County of Riverside |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER: Wendy Morris and Russell Morris, Sr.

DEFENDANT/RESPONDENT: Allstate Insurance

**PER CRC 3,725 UNTIMELY**

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE   ☐ LIMITED CASE<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | RIC 1210798 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 1/14/12    Time: 8:30 a.m.    Dept.: 6    Div.:    Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Plaintiffs
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 7/16/12
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in ☒ complaint  ☐ cross-complaint   *(Describe, including causes of action):*
      Insurance Bad Faith

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

Page 53

| PLAINTIFF/PETITIONER: Russell Morris | CASE NUMBER: | CM-110 |
| DEFENDANT/RESPONDENT: Allstate Insurance | RIC 1210798 | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs were wrongfully denied coverage by Allstate for damage at their home caused by a storm. The storm caused approximately $40,000 in damage to plaintiffs' property.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  Jury or nonjury trial
    The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  Trial date
    a.  ☐ The trial has been set for *(date):*
    b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  Estimated length of trial
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒ days *(specify number):* 4-5
    b.  ☐ hours (short causes) *(specify):*

8.  Trial representation *(to be answered for each party)*
    The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                f.  Fax number:
    e.  E-mail address:                                  g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  Preference
    ☐ This case is entitled to preference *(specify code section):*

10. Alternative dispute resolution (ADR)
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  Referral to judicial arbitration or civil action mediation *(if available):*
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

Page 54

CM-110

| PLAINTIFF/PETITIONER: Wendy Morris and Russell Morris, Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance | RIC 1210798 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

Page 55

CM-110

| PLAINTIFF/PETITIONER: Russell Morris | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance | RIC 1210798 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depo of Deft employee | April 2013 |
| Ptf/Dft | Written Discovery | Pending |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 4 of 6

Page 56

| PLAINTIFF/PETITIONER: Russell Morris | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance | RJC 1210798 | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. **Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 1/2/13

Robert P. Karwin
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 5 of 6

Page 57

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | **POS-030** |
|---|---|
| Robert P. Karwin, Esq., - SBN 190573<br>The Law Office of Robert P. Karwin<br>29800 Bradley Rd. Ste 103<br>Menifee, CA 92586<br><br>TELEPHONE NO.: (951)246-4514<br>E-MAIL ADDRESS *(Optional):* rkarwin@karwinlaw.com   FAX NO. *(Optional):* (951)246-8174<br>ATTORNEY FOR *(Name):* Wendy Morris and Russell Morris, Sr. | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

PETITIONER/PLAINTIFF: Russell Morris, Wendy Morris

RESPONDENT/DEFENDANT: Allstate Insurance

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RIC 1210798 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 29800 Bradley Rd., Suite 103, Menifee, CA 92586

3. On *(date):* 1/2/13          I mailed from *(city and state):* Menifee, CA
   the following documents *(specify):*
   Plaintiff's Case Management Conference Statement

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☒ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Theona Ahordania, Esq.
   b. Address of person served:
      McKenna, Long & Aldridge
      300 South Grand Ave., Suite 1400
      Los Angeles, CA 90071

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/2/13

Robert P. Karwin, Esq.
_____          _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

Page 58

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 778 JGB (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>WENDY MORRIS and RUSSELL A. MORRIS, SR. | **DEFENDANTS**<br>ALLSTATE INSURANCE COMPANY; DOES 1 - 50, Inclusive, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Robert P. Karwin, State Bar No. 190573<br>LAW OFFICE OF ROBERT P. KARWIN<br>29800 Bradley Road, Suite 103<br>Menifee, CA 92586<br>(951) 246-4514 | Attorneys (If Known)<br>Peter H. Klee, State Bar No. 111707<br>Theona Zhordania, State Bar No. 254428<br>MCKENNA LONG & ALDRIDGE LLP<br>600 West Broadway, Suite 2600<br>San Diego, CA 92101<br>(619) 236-1414 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1441(b) 1446  Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 13 - 00778 JGB(PX) (OPx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | APR 29 2013 | American LegalNet, Inc.<br>www.FormsWorkflow.com | Page 1 of 2 |
|---|---|---|---|---|

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply: ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County, California | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Cook County, Illinois | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County, California | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Peter H. Klee_ Date April 24, 2013

Peter H. Klee

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com